**JING FANG SHAO, Zhong Wen Chen, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–2906–ag.

United States Court of Appeals, Second Circuit.

May 28, 2009.

Gary J. Yerman, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Michelle G. Latour, Assistant Director, Office of Immigration Litigation; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioners Jing Fang Shao and Zhong Wen Chen, natives and citizens of the People's Republic of China, seek review of a May 27, 2008 order of the BIA, which denied their motion to reopen. *In re Jing Fang Shao, Zhong Wen Chen,* Nos. A96 266 562/563 (B.I.A. May 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Petitioners' untimely motion to reopen.

Petitioners argue that the BIA erred by relying on its precedential decisions to summarily conclude that they failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing their motion to reopen. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Contrary to Petitioners' contention that the BIA mischaracterized a letter from a Citizenship and Immigration Services investigator, the BIA properly found that the response submitted from Petitioners' village committee conflicted with portions of that letter indicating that: (1) village committees are not authorized to decide family planning issues; and (2) children born abroad to Chinese nationals are not counted towards a violation of the family planning policy. Additionally, we deny Petitioners' request to consider evidence that was not in the administrative record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007).

Petitioners waive any challenge to the BIA's finding that they were ineligible to file a successive asylum application based on their changed personal circumstances. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).